**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT LEE TAYLOR, SR., INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,
        Plaintiff,
   vs.

UNIVERSAL AUTO GROUP I, INC., A
WASHINGTON CORPORATION, D/B/A
TACOMA DODGE CHRYSLER JEEP,
        Defendant.

Case No. 14-mc-50
Black, J.
Litkovitz, M.J.

**ORDER**

      This miscellaneous matter is before the Court on plaintiff Robert Taylor's (Taylor)

motion to compel a response to a third-party subpoena issued to non-party OneCommand, Inc.[1]

(OneCommand) (Doc. 1); OneCommand's response in opposition and motion to quash the

subpoena (Doc. 3); and Taylor's reply memorandum (Doc. 7).

**I. Background and Procedural History**

      Taylor brings this putative class action against Universal Auto Group I, Inc. (Universal

Auto) in the United States District Court, Western District of Washington alleging violations of

the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b), and the

Washington Automatic Dialing and Announcing Device statute (WADAD), Wash. Rev. Code §

80.36.400.  The TCPA prohibits calls to a telephone number assigned to a cellular service using

an automatic telephone dialing system or a prerecorded voice.  The WADAD prohibits the use of

automatic dialing and announcing devices in commercial solicitation.  *See* Doc. 9, Ex. 2.

---

[1]"OneCommand is a corporation headquartered in Mason, Ohio that provides communication services to its
customers, who typically are automobile dealers or merchants connected to the automobile industry."  (Doc. 3 at 5).

In his original complaint, Taylor alleged that Universal Auto d/b/a Tacoma Dodge[2] called his cellular telephone on July 3, 2012, and left him a voicemail suggesting that Taylor contact Universal Auto to schedule a service appointment. *See Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-5245 (W.D. Wash. 2013) (Doc. 1, ¶ 6.3).  Taylor alleged that the July 3, 2012 call violated the TCPA and WADAD and that he and other similarly situated individuals were entitled to statutory and treble damages and injunctive relief under the TCPA and WADAD. (*Id.*, ¶¶ 8.1-11.3).

Universal Auto moved for summary judgment on Taylor's claims and on July 1, 2014, the Washington court granted the motion in part. *See Taylor v. Universal Auto Group I., Inc.*, No. 3:13-cv-5245, 2014 WL 2987395 (W.D. Wash. July 1, 2014).  The undisputed facts before the Washington court included information about the Universal Auto telephone calls that was not explicitly alleged in Taylor's initial complaint.  Universal Auto opened for business in December 2009 and shortly thereafter sent a "pre-recorded 'welcome' phone message recorded by the new owner[3] to customers of the prior dealership – including [Taylor]." *Id.*, at * 1.   Taylor received five additional phone calls from OneCommand on behalf of Universal Auto on July 11, October 7, and October 11, 2011, and April 4 and July 3, 2012. *Id.*  The Washington court found that Taylor had "knowingly released" his phone number to Universal Auto and, therefore, had given his consent to receive the 2011 and 2012 phone calls. *Id.*, at *4-5.  Accordingly, the Washington court granted summary judgment in favor of Universal Auto on Taylor's TCPA claims for all calls made by OneCommand on behalf of Universal Auto in 2011 and 2012. *Id.* at *5.  The

---

[2]"[Universal Auto] owns and operates an automobile dealership in Tacoma, Washington, doing business as [Tacoma Dodge]." (Doc. 9, Ex. A, ¶ 6.1).

[3]In December 2009, Universal Auto opened a dealership in the same location as Tacoma Auto Mall, Inc. (TAM), which went out of business earlier in 2009.  (Doc. 9, Ex. A., ¶ 6.2).  Universal Auto purchased TAM's customer list when it opened for business; the "welcome" message calls were allegedly made by Universal Auto to solicit prior TAM customers, including Taylor, to do business with Universal Auto.  (*Id.*, ¶¶ 6.2-6.4).

Washington court further determined that the record was not sufficiently developed with respect

to the 2009 call and, therefore, it declined to dismiss Taylor's TCPA claims to the extent they

were based on the 2009 "welcome" call. *Id.* The court denied the summary judgment motion

with respect to Taylor's WADAD claims, finding that the calls made by OneCommand were

"unsolicited" for purposes of WADAD and, thus, Universal Auto was not entitled to judgment as

a matter of law. *Id.* at *5-7. Taylor subsequently filed a motion for reconsideration, which was

denied. *See* Doc. 4, Ex. C.

On July 18, 2014, Taylor filed a motion for class certification. *Taylor*, No. 3:13-cv-5245

(Doc. 55). The Washington court denied Taylor's motion for class certification on his TCPA

claims based on the 2011 and 2012 phone calls given its prior order granting summary judgment

in favor of Universal Auto on these claims. *See* Doc. 9, Ex. B at 7-8, 38. The Washington court

also denied Taylor's motion for class certification with respect to his WADAD claims regarding

the 2011 and 2012 calls because whether or not the telephone calls qualified as "commercial

solicitations" under the WADAD statute required individualized evidentiary determinations such

that Taylor did not meet the commonality, typicality, and predominance criteria for class

certification. (*Id.* at 20, 22, 28, 38). The court ordered Taylor to file an amended complaint

seeking to cure these defects no later than December 22, 2014. (*Id.* at 38).

Taylor filed an amended complaint on December 22, 2014. (Doc. 9, Ex. A). In his

amended complaint, Taylor alleges that the "welcome" call he and the proposed class members

received in December 2009 was an unsolicited commercial solicitation that violated the TCPA

and WADAD. (Doc. 9, Ex. A, ¶¶ 6.3-6.4, 6.11, 6.14, 9.1-9.4). Taylor alleges that he and the

proposed class members received similar solicitous phone calls made by OneCommand on

behalf of Universal Auto from May 2011 through October 2013. (*Id.*, ¶ 6.5). Taylor's amended

complaint details specific calls that occurred on July 11, October 7, October 28, 2011, and April 4 and July 3, 2012. (*Id.*, ¶¶ 6.6-6.9). Taylor alleges that the 2009 and 2011 through 2013 phone calls made by OneCommand on behalf of Universal Auto violated the TCPA and WADAD, as well as the Washington Consumer Protection Act. (*Id.*, ¶¶ 8.1-11.3).

Both Taylor and Universal Auto have attempted to obtain from OneCommand documents related to these alleged calls. Universal Auto served a subpoena on OneCommand in October 2013 requesting production of: (1) contracts and correspondence between OneCommand and Tacoma Dodge; (2) records related to calls made to Taylor's cellular number and another cellular number believed to belong to Taylor's wife; (3) records related to calls made to cellular telephone numbers on behalf of Tacoma Dodge; and (4) records related to calls made to Washington telephone numbers on behalf of Tacoma Dodge. (Doc. 4, ¶ 2, Declaration of Steven Coffaro, counsel for OneCommand). OneCommand represents that it produced all documents in its possession that were responsive to Universal Auto's requests as well as a list of approximately 8,000 cellular telephone numbers that received calls similar to those received by Taylor for the four-year period from April 1, 2009 to April 1, 2013.[4] (*Id.*, ¶ 3).

In January 2014, Taylor served his first subpoena on OneCommand seeking lists of all telephone numbers OneCommand called on behalf of Universal Auto and documents related to audits of OneCommand's compliance with federal and state laws regulating automated telephone calls, among others. *See Taylor v. Universal Auto Group I, Inc.*, No. 1:14-mc-11 (S.D. Ohio 2014) (*Taylor I*) (Doc. 1, Ex. C). OneCommand filed a motion to quash this subpoena on March

---

[4]Taylor states that in response to Universal Auto's subpoena, OneCommand produced documents to Universal Auto, which in turn forwarded those documents to Taylor's counsel. Taylor states that these documents consisted of: "(1) contract documents between OneCommand and Universal Auto, including a telephone solicitation policy; (2) a "Compliance Research Report" detailing the calls to named Plaintiff Robert Taylor and the transaction history between Plaintiff and Universal Auto and its predecessor dealership; and (3) a list of 8,143 telephone numbers, without any other identifying information or details concerning the calls made to those numbers." (Doc. 1, Ex. 1, ¶ 7, Declaration of Michael Daudt, counsel for Taylor).

4

28, 2014.  *Id.*  Taylor withdrew the first subpoena on April 7, 2014, and this Court accordingly denied the motion to quash as moot and the matter was dismissed.  *See Taylor I* at Docs. 2, 3.

Taylor served a second subpoena on OneCommand in June 2014.  (Doc. 1, Attachment 1, Ex. 6) (Attachments to Daudt Decl.).  It is this second subpoena that is at issue here.  Taylor's second subpoena seeks production of 21 separate classifications of documents, including lists of persons who received calls similar to those received by Taylor, complaints from consumers about such calls, and OneCommand's internal records of the calls it made on behalf of Universal Auto.  (*Id.*).  On July 11, 2014, counsel for OneCommand wrote a letter to Taylor's counsel objecting to the subpoena.  (*Id.*, Ex. 7).  OneCommand stated that it believed it had reasonably complied with Taylor's requests and that (1) Taylor's requests were unduly burdensome; (2) compliance with the requests would require the disclosure of confidential information, including proprietary business information; (3) the requested information could be obtained from Universal Auto; and (4) the subpoena included requests for irrelevant information.  (*Id.*).  Taylor filed the instant motion to compel in response to OneCommand's objections.

On February 6, 2015, the Washington court entered an order requiring Taylor and Universal Auto to submit a joint status report to address the proposed scheduling of Taylor's second motion for class certification.  *See Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-5245 (W.D. Wash. 2013) (Doc. 80).  After receiving the parties' status report, the Washington court entered an order on February 25, 2015, wherein it indicated that resolution of the instant motion to compel would impact Taylor's class certification motion and it ordered the parties to submit a follow-up status report by May 1, 2015.  *See* Doc. 11.

## II. Motion to Compel (Doc. 1)

Taylor moves for a Court Order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling OneCommand to provide responses to the 19[5] categories of documents requested in the subpoena.[6] Taylor asserts that his requests seek documents that are relevant to his claims against Universal Auto, Universal Auto's asserted defenses, and the class certification motion currently pending before the Washington federal court. Taylor further asserts that the requests are narrowly tailored in that he only seeks documents within the time period relevant to the class action claims. Taylor contends that to the extent any confidential information is requested, OneCommand's concerns can be addressed by the protective order currently in place in the Washington litigation. Taylor concludes that because these documents are relevant and sought for good cause, namely, to assess the viability of certifying his proposed class, his motion to compel should be granted. (Doc. 1).

## III. Motion to Quash (Doc. 3)

OneCommand moves to quash Taylor's subpoena because it seeks documents that are irrelevant and compliance would be burdensome. OneCommand asserts that because it is a non-party to the Washington litigation, this Court should afford significant weight to the burden it would face if required to comply with Taylor's requests. Further, OneCommand contends that much of what Taylor seeks (1) has already been produced in connection with Universal Auto's subpoena or (2) would require disclosure of private and confidential information, including data

---

[5]Taylor represents that he has withdrawn Request Nos. 15 and 18, which pertain to OneCommand's insurance coverage. *See* Doc. 1 at 5.

[6]Taylor's subpoena contains a numbering error as it identifies two separate requests as Request No. 9. *See* Doc. 1, Attachment 1, Ex. 6. For purposes of clarity, the Court will refer to these requests as Request No. 9A and Request No. 9B.

about its call recipients that OneCommand shields from public disclosure.[7] For the reasons

discussed further *infra*, OneCommand asks that this Court quash Taylor's subpoena. (Doc. 3).

**IV. Resolution**

Rule 45, Fed. R. Civ. P., governs discovery from non-parties, including the right to

command a non-party to, *inter alia*, produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45

further provides that "the court for the district where compliance is required must quash or

modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or

subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). In addition, "To

protect a person subject to or affected by a subpoena, the court for the district where compliance

is required may, on motion, quash or modify the subpoena if it requires disclosing a trade secret

or other . . . commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

Whether a subpoena imposes an "undue burden" is a case specific inquiry that turns on

"such factors as relevance, the need of the party for the documents, the breadth of the document

request, the time period covered by it, the particularity with which the documents are described

and the burden imposed." *In re Caresource Mgmt. Group Co.*, 289 F.R.D. 251, 253 (S.D. Ohio

2013) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

Non-party status is also a relevant factor that weighs against disclosure. *U.S. v. Blue Cross Blue*

*Shield of Mich.*, No. 10-cv-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). *See also*

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). Although irrelevance and

overbreadth are not specifically listed under Rule 45 as grounds for quashing a subpoena, courts

---

[7]OneCommand also states in its response/motion to quash that the documents sought are not relevant to the Washington court's class certification determination as Taylor's motion was fully briefed. *See* Doc. 3 at 10-11. Subsequently, however, the Washington court denied Taylor's first class certification motion and Taylor filed an amended complaint. *See* Doc. 9, Exhs. A, B. The Washington court then determined that resolution of the instant motion to compel would impact its ruling on Taylor's second motion for class certification. *See* Doc. 11.

"have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). Fed. R. Civ. P. 26(b)(1) provides in relevant part that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The burden of demonstrating relevance is on the party seeking discovery. *Am. Elec. Power Co.*, 191 F.R.D. at 136. Further, relevance is determined in the context of the elements of the cause of action or defense thereto and in assessing the proper scope of discovery, the Court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2000) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

"A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Great Lakes Transp. Holding, LLC v. Yellow Cab Serv. Corp. of Florida, Inc.*, No. 11-50655, 2011 WL 2533653, at *1 (E.D. Mich. June 27, 2011) (citing 9A Wright & Miller, Federal Practice and Procedure § 2463.1). *See also Hendricks*, 275 F.R.D. at 253. The non-party cannot rely on a "mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences" of complying with the subpoena. *Blue Cross Blue Shield of Mich.*, 2012 WL 4513600, at *5 (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1). If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance," or that the information sought is proprietary and its disclosure might be harmful. *Hendricks*, 275 F.R.D. at 253. *See also Medical Ctr. at Elizabeth Place*, 294 F.R.D. at 92.

8

A. Request Nos. 1 and 2[8]

Request No. 1 commands OneCommand to produce documents, communications, databases, and emails containing lists of the phone numbers that OneCommand called on behalf of Universal Auto. Request No. 2 seeks documents relating to the sources of the phone numbers called; the manner in which the lists of numbers were compiled and the identity of those who compiled them; and OneCommand's efforts to determine whether the phone numbers were mobile telephone numbers or if they were on the national Do-Not-Call Registry. (Doc. 1, Attachment 1, Ex. 6).

Taylor argues in his motion to compel that this information is necessary to his claims in the Washington litigation and that he needs the requested contact information to reach out to potential class members. Taylor maintains that the information related to OneCommand's efforts in compiling the lists of numbers called is relevant to his claim that Universal Auto contacted these phone numbers in contravention of federal and Washington state law. (Doc. 1 at 6). In support, Taylor cites to *Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-11505, 2012 WL 1658643, at *7 (E.D. Mich. May 11, 2012), where the court granted the plaintiff's motion to compel and held that the plaintiff was entitled to similar discovery during the precertification phase of a class action suit on the basis of relevance to both his individual and class TCPA claims. Taylor also cites to *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011), where the court determined that "[t]he disclosure of names, addresses, and telephone numbers is a common practice in the class action context" and that such information was relevant and necessary for purposes of analyzing the plaintiff's class action claims. *Id.* at 352 (citations omitted). (Doc. 1).

---

[8]In his motion to compel, Taylor categorizes his requests by type into five separate groups. *See* Doc. 1. For clarity's sake, the Court adopts Taylor's categorization scheme. In addition, the relevant time period for the documents requested is from April 1, 2009 to the present. (Doc. 1, Ex. 6 at 4).

In its response in opposition and motion to quash, OneCommand does not address Taylor's requests by discrete category. Rather, OneCommand puts forth a blanket argument without reference to any particular requests. OneCommand asserts that it has already produced many of the documents sought by Taylor "at substantial burden and expense." (Doc. 3 at 13). OneCommand further asserts that to require it to produce the requested information would "impose substantial burden and expense" upon it. (*Id.* at 14). OneCommand also claims that enforcing Taylor's subpoena would require OneCommand to disclose personal identifying information about the individuals it called without their knowledge or consent. (*Id.*). OneCommand maintains that this "information about the call recipients will in no conceivable way further [Taylor's] arguments in support of class certification" and contends that the stated purpose of using the information to contact potential class members "is troubling and would be improper." (*Id.*). OneCommand argues that its compliance with applicable federal laws "bears no conceivable relevance to any claim or issue in this dispute between Taylor and [Universal Auto]." (*Id.*). OneCommand concludes by asserting that documents related to compliance audits and investigations or studies conducted by its attorneys are "clearly privileged" and not discoverable. (*Id.*).

For the following reasons, the undersigned finds that Taylor is entitled to the discovery sought in Request Nos. 1 and 2.

Taylor has established that the discovery sought in Request Nos. 1 and 2 is relevant for purposes of identifying the members of the proposed class. Taylor cites to pertinent legal authority finding this information is relevant at the precertification phase of a class action. *See* Doc. 1 at 6-7 (citing *Kane*, 2012 WL 1658643, at *7; *Artis*, 276 F.R.D. at 352). While OneCommand vaguely asserts that this information is not relevant and that permitting Taylor to

10

contact the individuals called would be improper, *see* Doc. 3 at 14, it offers no support for these

arguments and does not address the legal authority cited by Taylor which states the opposite.

*See Kane*, 2012 WL 1658643, at *7 (quoting *Artis*, 276 F.R.D. at 352) (holding that the names,

addresses, and telephone numbers of individuals contacted were "both relevant to [the p]laintiff's

class action claims – to determine those other individuals whom [the defendant] may have

contacted improperly – and such disclosure is 'a common practice in the class action context.'").

Such "contact information and subsequent contact with potential class members is necessary to

determine whether [the plaintiff's] claims are typical of the class, and ultimately whether the

action may be maintained as a class action." *Artis*, 276 F.R.D. at 352. Further, any outstanding

privacy concerns can be addressed by the entry of a protective order "that limits the use of any

contact information to the parties in [the] litigation and protects it from disclosure." *Id.* at 353.

In addition, OneCommand has failed to establish that compliance with Taylor's request

would be unduly burdensome. OneCommand has not made any showing to support its

conclusory claim that complying with Taylor's subpoena would be unduly burdensome.

OneCommand simply states that compliance will cause it "substantial burden and expense"

(Doc. 3 at 14), without identifying the type of burden it would face if Taylor's motion to compel

is granted. Nor has OneCommand provided the Court with any information on the anticipated

costs of complying with Taylor's subpoena. OneCommand cannot simply rely on its "mere

assertion that compliance would be burdensome without showing the manner and extent of the

burden. . . ." *Blue Cross Blue Shield of Michigan*, 2012 WL 4513600, at *5. OneCommand has

not put forth any evidence in support of its claim of "substantial burden and expense" and,

consequently, it has failed to meet its burden in seeking to quash Taylor's subpoena. *Cf. Allen v.*

*Howmedica Leibinger, GmbH*, 190 F.R.D. 518, 525 (W.D. Tenn. 1999) (granting a non-party's

motion to quash a subpoena where the non-party established that he would face a substantial

burden if required to comply with discovery requests where the non-party submitted an

unrebutted affidavit explaining the time and effort – review of nearly 70,000 documents and

nearly a month of man-hours – compliance would require).

      To the extent OneCommand argues that the subpoena should be quashed because

compliance would require disclosure of "protected commercial information" or documents that

are protected by the attorney-client privilege, these arguments are unpersuasive.  OneCommand

must establish that the information sought by Taylor is in fact protected commercial information

and "demonstrate that its disclosure might be harmful." *Laborers Pension Trust Fund-Detroit &*

*Vicinity v. CRS Poured Concrete Walls, Inc.*, No. 04-cv-74714, 2006 WL 3804912, at \*2 (E.D.

Mich. Dec. 22, 2006) (quoting *Centurion Indus., Inc. v. Warren Steurer and Associates*, 665 F.2d

323, 325-26 (10th Cir. 1981)).  OneCommand also bears the burden of proving that the

documents requested are protected by attorney-client privilege.  *In re Grand Jury Proceedings*

*(Doe)*, 575 F. Supp. 197, 200 (N.D. Ohio 1983) ("Simply establishing the fact of an attorney-

client relationship does not automatically activate the privilege.") (citing *Matter of Walsh*, 623

F.2d 489, 493 (7th Cir. 1980); *U.S. v. Bartone*, 400 F.2d 459, 461 (6th Cir. 1968)).  Again, aside

from its unsupported assertions, OneCommand has made no showing whatsoever that the

discovery requested by Taylor's subpoena constitutes protected commercial information or is

protected from disclosure by the attorney-client privilege.

      As Taylor has demonstrated the relevance of the information sought and OneCommand

has failed to meet its burdens in seeking to quash the subpoena, Taylor's motion to compel

responses to Request Nos. 1 and 2 is granted.

B. Request Nos. 3 and 4

Request No. 3 directs OneCommand to produce documents and communications relating to persons who received a call from OneCommand on behalf of Universal Auto but who had requested to be placed on Universal Auto's or OneCommand's internal "do-not-call" list.  Taylor seeks the telephone numbers attached to each request and the date the requests were made. Request No. 4 seeks documents and databases containing information, including contact information, for this group of individuals.  (Doc. 1, Attachment 1, Ex. 6).

Taylor contends this information is necessary to determine if the individuals called by OneCommand had affirmatively requested to not receive these calls or if Universal Auto or OneCommand had consent to make the calls, which is an affirmative defense Universal Auto has pleaded in this case.  (Doc. 1 at 7, citing Doc. 1, Attachment 1, ¶ 3 and Ex. 2, Universal Auto's Answer).  Taylor further maintains this information "supports class certification and the claims of proposed class members."  (*Id*).  In support, Taylor cites to *Gist v. Pilot Travel Centers, LLC*, No. 3:10-mc-0095, 2011 WL 4055788, at *4 (M.D. Tenn. Sept. 12, 2011), where the court compelled the non-party to produce purportedly commercially sensitive documents containing customer identification information to allow the plaintiff to discover potential class members. *See* Doc. 7 at 6.

OneCommand's arguments in opposition are detailed *supra* and will not be reiterated here or in the remainder of this opinion.

Because Universal Auto has raised consent as an affirmative defense in the Washington litigation, the information sought by Request Nos. 3 and 4 is discoverable under the mandates of Fed. R. Civ. P. 26.  *See Avis Rent A Car Sys., LLC v. City of Dayton, Ohio*, No. 3:12-cv-399, 2013 WL 3778922, at *5 (S.D. Ohio July 18, 2013) (denying a motion to quash subpoena

13

requests that sought information relevant to the defendant's asserted defenses).  The undersigned also notes that the Washington court has suggested that these documents may be relevant to the resolution of Taylor's second motion for class certification.  *See* Doc. 11.  Moreover, as stated above, OneCommand has not met its burden in seeking to quash Taylor's subpoena.

For the above reasons, Taylor's motion to compel responses to Request Nos. 3 and 4 is granted.

C. Request Nos. 5-6, 9B-11, and 16

Request Nos. 5 and 6 seek documents, communications, and databases related to complaints from individuals who received calls made by OneCommand on behalf of Universal Auto.  Request No. 9B seeks documents, communications, and databases regarding the dates the Universal Auto calls were placed.[9]  Request Nos. 10 and 11 seek documents and communications related to the purpose of the calls and the number of calls answered by a person, voicemail system, or other answering machine system.  Request No. 16 seeks documents generated by OneCommand about the Universal Auto calls.  (Doc. 1, Attachment 1, Ex. 6).

Taylor asserts that these requests are "directly relevant to class certification issues" and are necessary to assess Universal Auto's defense that the calls at issue were service reminders on which customers rely, and not commercial solicitations.  (Doc. 1 at 8).  Taylor further asserts that the information he seeks is relevant to establishing the typicality, commonality, and predominance factors for class certification.  (*Id.*).  Taylor also maintains that proof of both liability and damages on the TCPA and WADAD claims "will require evidence of how many calls were made, when the calls were made, the content of the calls, and who was called."  (Doc.

---

[9]Request 9A seeks information related to OneCommand's involvement in prior lawsuits.  *See* Doc. 1, Attachment 1, Ex. 6.  It appears this request is not in dispute as neither Taylor nor OneCommand address this request in their briefings.

14

7 at 6).  Taylor further notes that the recent Washington court order demonstrates the relevance of the requested information.  (*Id.*).

Taylor has adequately established that the information sought in Request Nos. 5-6, 9B-11, and 16 is relevant.  This information is relevant to Universal Auto's asserted defense and is therefore discoverable.  *See* Fed. R. Civ. P. 26(b)(1).  *See also Avis Rent A Car Sys.*, 2013 WL 3778922, at *5.  Further, OneCommand has failed to meet its burden to show that the information is outside the scope of Rule 26(b) or that its production would be unduly burdensome.

Accordingly, Taylor's motion to compel responses to Request Nos. 5-6, 9B-11, and 16 is granted.

D.  Request Nos. 7-8, 12, and 19

Request Nos. 7, 8, 12, and 19 seek information related to OneCommand's policies regarding complaints made by individuals who received an automated call; OneCommand's compliance with applicable laws and regulations governing automated calls and its internal policies related thereto; and OneCommand's document retention policies.  (Doc. 1, Attachment 1, Ex. 6).

Taylor maintains that OneCommand's retention policies are "necessary to permit [him] to assess the completeness of OneCommand's ultimate production."  (Doc. 1 at 8).  Taylor also maintains that OneCommand has effectively conceded the relevance of the requested compliance documents by previously producing its policies regarding OneCommand's compliance with telemarketing regulations.  Taylor contends that, as an agent acting on behalf of Universal Auto, OneCommand's policies and efforts to comply with regulations governing automated phone

calls, such as the TCPA and WADAD, are relevant to his claims that Universal Auto violated these statutes. (Doc. 1 at 8).

For the reasons stated above, *see supra* § IV(C), the undersigned finds that the discovery sought in Request Nos. 7-8, 12, and 19 is relevant and in the absence of any showing by OneCommand that their production is unduly burdensome, Taylor is entitled to this information. Taylor's motion to compel responses to Request Nos. 7-8, 12, and 19 is therefore granted.

E. Request Nos. 17 and 20

Request Nos. 17 and 20 seek documents and communications between OneCommand and Universal Auto concerning information about the calls made by OneCommand.

Taylor concedes these requests are "likely to be answered by responses to other requests," but claims that he included them "to ensure that he is not denied access to" these documents. (Doc.1 at 9). Taylor notes that he is concerned OneCommand may fail to produce documents covered by the scope of this request if he does "not ask for them in exactly the right way." *Id.*

For the reasons stated *supra*, the documents requested in Request Nos. 17 and 20 are relevant for purposes of assessing the proposed class. Accordingly, Taylor's motion to compel responses to Request Nos. 17 and 20 is granted. However, to the extent the requests are duplicative of Taylor's other requests, OneCommand is not required to make a separate production in responding to Request Nos. 17 and 20.[10]

---

[10]Taylor concedes that OneCommand has previously produced the documents responsive to Request Nos. 13 and 14. The Court construes Taylor's acknowledgment that he is in possession of the documents responsive to Request Nos. 13 and 14 as a withdrawal of these requests. Moreover, Taylor's motion does not seek to compel responses to Request No. 21. The Court construes Taylor's silence in this respect as a withdrawal of the request.

## V. Conclusion

For the reasons stated above, Taylor's motion to compel (Doc. 1) is **GRANTED** and OneCommand's motion to quash (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

Date:  4/17/2015

Karen L. Litkovitz
United States Magistrate Judge