UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE TAYLOR, SR., individually and of behalf of all others similarly situated, | : : : | Case No. 1:14-mc-50 |
| Plaintiff, | : : | Judge Timothy S. Black Magistrate Judge Karen L. Litkovitz |
| vs. | : : | |
| UNIVERSAL AUTO GROUP I, INC., a Washington corporation, d/b/a TACOMA DODGE CHRYSLER JEEP, | : : : : | |
| Defendant. | : | |

**ORDER OVERRULING NON-PARTY ONECOMMAND INC.'S OBJECTIONS**
**(Doc. 13)**

This miscellaneous action is before the Court on non-party OneCommand, Inc.'s Objections (Doc. 13) and Plaintiff's responsive memorandum (Doc. 15).

## I. STATEMENT OF THE CASE

### A. Underlying Litigation

Plaintiff Robert Taylor filed a putative class action now pending in the United States District Court for the Western District of Washington. *Taylor v. Universal Auto I, Inc.*, No. 3:13-cv-5245. Plaintiff alleges that Defendant Universal Auto Group I, Inc. d/b/a Tacoma Dodge Chrysler Jeep violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b), the Washington Automatic Dialing and Announcing Device statute ("WADAD"), Wash. Rev. Code § 80.36.400, and the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code § 19.86. Specifically, Plaintiff alleges that he received several pre-recorded telephone calls made by OneCommand on

behalf of Defendant in violation of the TCPA, WADAD, and WCPA. Plaintiff seeks to certify a national class of persons who received the same calls in violation of the TCPA and a subclass of persons within Washington who received the calls in violation of the WADAD and WCPA.

Defendant owns and operates an automobile dealership in Tacoma, Washington that opened for business in December 2009. A separate Dodge dealership operated at the same location until early 2009 when Chrysler terminated the franchise agreement and entered into bankruptcy. Plaintiff purchased an automobile from the prior dealership in April 2007 and provided his cellular telephone during the transaction. Defendant purchased substantially all of the prior dealership's assets in October 2009, including its customer list and files containing customers' contact information. In December 2009, Defendant's owner recorded a "welcome" message that purported to inform customers of the prior dealership that the new dealership was now open. Plaintiff received the "welcome" message in December 2009 and several additional pre-recorded telephone calls from Defendant on his cellular telephone in 2011 and 2012.

Plaintiff filed suit in the Washington court alleging that the telephone calls he received in 2011 and 2012 violated the TCPA, WADAD, and WCPA. (Doc. 1, Ex. 1).[1] Discovery revealed that OneCommand made the calls on behalf of Defendant and that Defendant does not have records of who received these calls or when the calls were made. (*Id.*, Ex. 10 at 2). On July 10, 2014, the Washington court denied Plaintiff's

---

[1] Plaintiff did not include the 2009 "welcome" message in his original complaint because he did not recall receiving that telephone call and only learned of it through discovery.

motion to compel production of information related to other persons who received the same or similar calls because Defendant did not have control over that information. (*Id.*) Rather, Defendant electronically "pushed" information in its computer system to OneCommand, which then used that information to place the pre-recorded calls to Defendant's customers on its behalf. (*Id.*)

On July 1, 2014, the Washington court granted in part and denied in part Defendant's motion for summary judgment. *Taylor v. Universal Auto I, Inc.*, No. 3:13-cv-5245, 2014 WL 2987395 (W.D. Wash. July 1, 2014).[2] The Washington court granted summary judgment for Defendant on Plaintiff's TCPA claim based on the 2011 and 2012 calls because Defendant established the affirmative defense of consent. *Id.* at 5. Specifically, the Washington court found that Plaintiff "knowingly released" his telephone number to Defendant and by doing so gave permission to be called at that number by an automated dialing machine. *Id.* However, the Washington court denied Defendant's motion for summary judgment with respect to Plaintiff's claims under the WADAD and WCPA. *Id.* at 6. The court declined to address the 2009 "welcome" message because it was not adequately addressed by the parties. *Id.* at 5. On October 3, 2014, the Washington court denied Plaintiff's motion for reconsideration. (Doc. 4, Ex. C).

On November 24, 2014, the Washington court denied Plaintiff's motion for class certification. *Taylor v. Universal Auto I, Inc.*, No. 3:13-cv-5245, 2014 WL 6654270

---

[2] (Doc. 4, Ex. B).

(W.D. Wash. Nov. 24, 2014).[3] The Washington court denied class certification on Plaintiff's TCPA claim for calls beginning in 2011 because the court had previously granted summary judgment for Defendant on that claim. *Id.* at 4. The Washington court also denied class certification on Plaintiff's WADAD and WCPA claims for the calls beginning in 2011 because the proposed class failed to meet the requirements of commonality, typicality, and predominance. *Id.* at 12-13, 17. Additionally, the proposed class definition for the national class was an impermissible failsafe class, the Washington subclass was not ascertainable, and none of the calls Plaintiff received were covered by either class definition because the proposed class definition covered calls received "at any time in the period that begins four years from the date of this complaint to trial." *Id.* at 21-22. However, the court suggested that class certification could be appropriate for both classes with respect to the December 2009 "welcome" message. *Id.* at 10-11, 13, 16. Accordingly, the Washington court granted Plaintiff leave to file an amended complaint seeking to cure the defects identified in the opinion as to both proposed classes. *Id.* at 23.

On December 22, 2014, Plaintiff filed a first amended class action complaint. (Doc. 9, Ex. A). The amended complaint included allegations regarding the 2009 "welcome" message and set forth new class definitions for the proposed national class and Washington subclass. (*Id.*) On February 25, 2015, the Washington court issued an order providing that resolution of Plaintiff's motion to compel in this Court "will have an

---

[3] (Doc. 9, Ex. B).

4

impact with regard to the Plaintiff's case." (Doc. 11, Ex. A).[4]

### B. Third-Party Discovery

On October 21, 2013, Defendant served OneCommand with a subpoena seeking documents relevant to the underlying litigation in the Washington court. (Doc. 4 at ¶ 2). In response, OneCommand produced, *inter alia*, a "Compliance Research Report" that set forth detailed information about the calls OneCommand made to Plaintiff's cellular telephone number and a cellular telephone belonging to Plaintiff's wife on behalf of Defendant. (Doc. 1-1 at ¶ 7, Ex. 5; Doc. 4 at ¶ 3). OneCommand also produced a list of 8,143 cellular telephone numbers that received calls similar to those that Plaintiff received during the period of April 1, 2009 to April 1, 2013. (Doc. 1-1 at ¶ 7; Doc. 4 at ¶ 3). However, that list did not contain any identifying information about the recipients nor did it provide any detail about the date, time, or specific content of the calls. (*Id.*) Counsel for Defendant provided Plaintiff with all documents received from OneCommand in response to the subpoena. (*Id.*)

On January 13, 2014, Plaintiff served OneCommand with a subpoena. *Taylor v. Universal Auto Group I, Inc.*, 1:14-mc-11 (S.D. Ohio Mar. 28, 2014) (Doc. 1, Ex. C). OneCommand filed a motion to quash in this Court on March 28, 2014, arguing that it had already produced some of the requested documents and seeking to quash or modify the remaining requests. Plaintiff subsequently withdrew the subpoena and the Court denied the motion to quash as moot on May 16, 2014.

---

[4] This matter became ripe in these chambers on May 15, 2015.

5

On June 26, 2014, Plaintiff served OneCommand with a second subpoena that sought documents substantially similar to those requested in its earlier subpoena. (Doc. 1, Ex. 6). The subpoena made twenty-one requests for production of documents. (*Id.*) On July 11, 2014, OneCommand served its objections to the subpoena. (*Id.*, Ex. 7). After the parties exhausted extrajudicial means of resolution, Plaintiff filed a motion to compel on October 29, 2014. (Doc. 1).[5] On November 19, 2014, OneCommand filed its response and a motion to quash or modify the subpoena. (Doc. 3).

On April 17, 2015, the Magistrate Judge granted Plaintiff's motion to compel and denied OneCommand's motion to quash. (Doc. 12). The Magistrate Judge concluded that Plaintiff established that the requested information was relevant for purposes of identifying the members of the proposed class and relevant to Defendant's affirmative defense. Additionally, the Magistrate Judge found that OneCommand failed to demonstrate that compliance would be unduly burdensome, provided no support for its argument that contacting proposed class members was improper, and did not establish that the documents contained protected commercial information or were privileged.

On May 1, 2015, OneCommand filed Objections to the Magistrate Judge's Order with respect to five document requests. (Doc. 13). OneCommand represents that it has served all documents responsive to the remaining fourteen requests at issue. (*Id.*, Ex. A at

---

[5] Plaintiff withdrew two requests and sought to compel responses to the remaining nineteen requests. (Doc. 1 at 5).

¶ 9).[6] OneCommand also filed a motion to stay the Magistrate Judge's Order pending resolution of its Objections, which the Court subsequently granted on May 5, 2015.

OneCommand objects to the following five documents requests:

1. ALL DOCUMENTS and COMMUNICATIONS, including DATABASES and/or emails of telephone numbers, that relate or refer to or comprise any lists of PERSONS and/or telephone numbers to which the UNIVERSAL AUTO CALLS were made.

9B. All DOCUMENTS and COMMUNICATIONS, including DATABASES and/or emails, that relate or refer to the DATES the UNIVERSAL AUTO CALLS were placed.

10. All DOCUMENTS and COMMUNICATIONS, including DATABASES and/or emails, that relate or refer to (1) the number of UNIVERSAL AUTO CALLS that were answered by a PERSON; (2) the number of UNIVERSAL AUTO CALLS that were answered by a voicemail system or other answering machine or system and a message was left on such system; and (3) the number of UNIVERSAL AUTO CALLS that were answered by a voicemail system or other answering machine or system and no message was left on such system.

11. All DOCUMENTS and COMMUNICATIONS, including emails, that relate or refer to the purpose or purposes of placing the UNIVERSAL AUTO CALLS.

16. All DOCUMENTS and COMMUNICATIONS, including emails, that refer or relate to or comprise YOUR records of the UNIVERSAL AUTO CALLS.

(Doc. 1, Ex. 6 at 4, 6-7).[7]

## II. STANDARD OF REVIEW

The Order at issue involves a non-dispositive matter. Therefore, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Rule 72(a) in

---

[6] In addition to the two requests that Plaintiff formally withdrew, the Magistrate Judge noted that three additional requests were not at issue in the motion to compel. (Doc. 12 6, 14 n.9).

[7] As the Magistrate Judge noted, the subpoena contains a numbering error as there are two separate requests identified as Request No. 9. (Doc. 12 at 6 n.6). The Court will also refer to the second such request as Request No. 9B.

evaluating the decision of the Magistrate Judge. A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

### III.  ANALYSIS

OneCommand's primary argument is that the requested information is not relevant because the underlying action is in the pre-certification stage and that Plaintiff could only use this information to contact and solicit these individuals. OneCommand also argues that it has already produced much of the information requested, including a list of all 8,143 telephone numbers that received any of the calls.[8]

The Magistrate Judge relied on *Kane v. National Action Finance Services, Inc.*, No. 11-11505, 2012 WL 1658643, at *7 (E.D. Mich. May 11, 2012), and *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011), for the conclusion that the requested information is relevant at the pre-certification phase of a class action. (Doc. 12 at 10-11). In *Kane*, the plaintiff in a pre-certification class action asserting violations of the TCPA filed a motion to compel production of the names, addresses, and telephone numbers of putative class members that also received allegedly unlawful calls from the defendant. *Kane*, 2012 WL

---

[8] Plaintiff emphasizes that while OneCommand has produced a list of cellular telephone numbers, OneCommand has not produced a list of any landline telephone numbers it called. (Doc. 15 at 2).

8

1658643, at *7. The court granted the motion to compel because the information was relevant to the plaintiff's individual and class claims. *Id.*[9] The Magistrate Judge acknowledged OneCommand's argument that the information was not relevant and that it would be improper for Plaintiff to use that information to contact or solicit potential class members. However, the Magistrate Judge correctly noted that OneCommand offered no legal support for its position and failed to address the contrary authority in *Kane* and *Artis*.

Now, for the first time in its Objections, OneCommand cites several cases that purport to show that *Kane* and *Artis* represent the minority position.[10] However, those cases are readily distinguishable from the situation presented here. Five of the seven cases cited by OneCommand involve proposed collective actions under the Fair Labor

---

[9] *See also Artis*, 276 F.R.D. at 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context. Given this standard, the Court finds that Plaintiff is entitled to the contact information of putative class members. Plaintiff seeks this information in order to substantiate class allegations and to meet the certification requirements under Rule 23. The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action." (internal citations omitted)).

[10] Plaintiff argues that OneCommand waived this argument by failing to adequately present it to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 900 n.1 (6th Cir. 2000) (holding that "failure to raise this claim before the magistrate constitutes waiver" because "while the Magistrate Judge Act permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). The waiver argument is substantially stronger when, as here, the Order at issue is analyzed under the clearly erroneous or contrary to law standard of review. Nonetheless, the Court rejects on the merits the belated support offered by OneCommand.

Standards Act ("FLSA").[11] "Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class. These opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (internal citations omitted).[12] The danger of soliciting prospective opt-in plaintiffs that arises in collective actions under the FLSA is not directly applicable to class actions. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02, 104 (1981) ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23. . . . [T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules."). Unlike in a FLSA collective action where counsel typically must solicit other prospective plaintiffs to affirmatively join the collective action and assert their own independent claims, Rule 23

---

[11] *Lindsay v. Clear Wireless LLC*, No. 13-834, 2014 U.S. Dist. LEXIS 29068, at *6-7 (D. Minn. Jan. 3, 2014); *Palmer v. Convergys Corp.*, No. 7:10-cv-145, 2011 U.S. Dist. LEXIS 37464, at *7-8 (M.D. Ga. Apr. 6, 2011); *Levine v. Gunther*, No. 10-61812, 2010 U.S. Dist. LEXIS 136230, at *3 (S.D. Fla. Dec. 9, 2010); *Boykin v. Comerica Mgt. Co.*, No. 09-cv-10234, 2009 U.S. Dist. LEXIS 62745, at *7-11 (E.D. Mich. July 22, 2009); *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 557-58 (D. Minn. 2008).

[12] *See also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (observing that under the FLSA "[s]imilarly situated persons are permitted to 'opt into' the suit. This type of suit is called 'collective action.' It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23.").

does not require potential class members to take affirmative action and the class representative prosecutes claims on behalf of absent class members. Accordingly, the danger of solicitation present in FLSA collective actions is not as pronounced as in Rule 23 class actions. OneCommand presents only a generalized argument that communication with prospective class members would be improper. Without any specific facts suggesting the potential for abuse, the Court declines to presume that Plaintiff's counsel will use the information for improper purposes. *Id.* at 101-02.

The two other cases cited by OneCommand presented legitimate bases for limiting communications with prospective class members, but there are no comparable concerns here. In *Bryant v. City of New York*, No. 99 Civ. 11237, 2000 U.S. Dist. LEXIS 18548 (S.D.N.Y. Dec. 26, 2000), seven named plaintiffs brought § 1983 claims alleging false arrest and unreasonable force based on their arrests during an organized demonstration in New York City. *Id.* at 1. The plaintiffs sought the names and contact information of the 107 other persons also arrested during the organized demonstration. *Id.* at 2. The court denied the plaintiffs' motion to compel because the privacy interests of the other arrestees was particularly sensitive given the claims at issue, the defendants demonstrated that locating this information would produce an administrative burden, the plaintiffs failed to show that they could not obtain the information from other sources, and a class of 107 would not meet the numerosity requirement for certification. *Id.* at 4-9.

In *In re Mun. Mortg. & Equity, LLC*, No. MDL 08-MD-1961, 2012 U.S. Dist. LEXIS 161169 (D. Md. Nov. 7, 2012), the court previously held that the named plaintiff in a prospective class action lacked standing under the securities laws to assert a

particular claim because he had not purchased the security at issue. *Id.* at 20. Subsequently, the named plaintiff and prospective class counsel filed a motion "to use discovery under the Federal Rules of Civil Procedure to obtain the names and addresses of SPO purchasers so that at least one of these purchasers who has the standing lacked by Dammeyer will become a plaintiff." *Id.* The court summarily rejected the motion:

> [E]ven if Dammeyer were still considered a party, there is no showing that the discovery would be relevant to any claim by Dammeyer. The Court has held Dammeyer lacks standing to assert claims under Section 12(a)(2) of the Securities Act and thus he cannot be a viable class representative for a putative class (or subclass) of SPO purchasers. Hence, he may not act for, or on behalf of, that putative class or subclass.

*Id.* at 22. Here, OneCommand does not identify any comparable facts suggesting a potential for abuse and relies only on a blanket argument that contacting putative class members is always improper.

Even if the Court considers the new cases cited by OneCommand, Plaintiff's citation to *Peters v. Credit Protection Ass'n, LP*, No. 2:13-cv-767, 2014 WL 6687146 (S.D. Ohio Nov. 26, 2014), further demonstrates that the Magistrate Judge reached the proper conclusion. The plaintiff in *Peters*, much like the Plaintiff here and in *Kane*, filed a motion to compel the production of the names and contact information of prospective class members in a pre-certification class action premised on violations of the TCPA. *Id.* at 6. The court cited *Kane* and held that "the names and contact information of putative class members are relevant and discoverable." *Id.* at 7. OneCommand fails to distinguish the holdings in *Peters* and *Kane*, cases that involved substantially similar

12

legal claims, procedural histories, and discovery requests.  Accordingly, OneCommand has not demonstrated that the Magistrate Judge acted contrary to law.

## IV.     CONCLUSION

Wherefore, for these reasons, non-party OneCommand's Objections (Doc. 13) are **OVERRULED** and the Magistrate Judge's Order (Doc. 12) is **AFFIRMED**. OneCommand shall produce all documents responsive to Request Nos. 1, 9B, 10, 11, and 16 forthwith.

**IT IS SO ORDERED.**

Date:  5/20/15                             *s/ Timothy S. Black*
                                           Timothy S. Black
                                           United States District Judge

13